UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 25-1176      2. DATE DOCKETED: 08/18/2025
3. CASE NAME (lead parties only) Environmental Defense Fund v. U.S. Environmental Protection Agency
4. TYPE OF CASE: ☒ Review  ☐ Appeal  ☐ Enforcement  ☐ Complaint  ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?  ○ Yes  ● No
   If YES, cite statute _____
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: U.S. Environmental Protection Agency (EPA)
   b. Give agency docket or order number(s): 90 Fed. Reg. 34,206
   c. Give date(s) of order(s) July 21, 2025
   d. Has a request for rehearing or reconsideration been filed at the agency?  ○ Yes  ● No
      If so, when was it filled? _____  By whom? _____
      Has the agency acted?  ○ Yes  ○ No   If so, when? _____
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      See attachment.
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ○ Yes  ● No   If YES, identify case name(s), docket number(s), and court(s)
   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ● Yes  ○ No   If YES, give case name(s) and number(s) of these cases and identify court/agency:
      Environmental Defense Fund v. EPA, D.C. Cir. Nos. 18-1149, 21-1039, 21-1259; New Jersey v. EPA, D.C. Cir. No. 21-1033
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution?  ○ Yes  ● No   If YES, provide program name and participation dates.

Signature /s/ Sanjay Narayan                             Date 09/15/2025
Name of Party (Print) Sierra Club
Name of Counsel for Appellant/Petitioner (Print) Sanjay Narayan
Address 2101 Webster Street, Suite 1300, Oakland, CA 94612
E-Mail sanjay.narayan@sierraclub.org    Phone ( 415 ) 977-5769    Fax ( 510 ) 208-3140

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA Form 41
August 2009 (REVISED)

Attachment to
DOCKETING STATEMENT

*Environmental Defense Fund v. EPA*, Case No. 25-1176

Question No. 6e

This petition challenges a final action by the respondent U.S. Environmental Protection Agency (EPA) titled "Prevention of Significant Deterioration (PSD and Nonattainment New Source Review (NNSR): Regulations Related to Project Emissions Accounting; Withdrawal of Proposed Rule," 90 Fed. Reg. 34,206 (July 21, 2025). In that action, EPA declined to modify or withdraw its prior "Project Accounting Rule" expanding the circumstances under which sources may avoid complying with the Clean Air Act's New Source Review programs (NSR). *See* 89 Fed. Reg. 36,870 (May 3, 2024).

NSR applies when major sources of air pollution conduct a modification that increases emissions. 42 U.S.C. §§ 7411(a)(4) & 7479(2)(C). EPA's regulations previously limited the circumstances under which a plant-owner may claim that NSR does not apply, because the emissions increases produced by a modification are off-set by decreases elsewhere at the source. *See, e.g.,* 40 C.F.R. § 52.21(b)(3) (requiring, *inter alia,* that decreases be contemporaneous and

enforceable, and that plants account for all contemporaneous increases and decreases). The Project Accounting rule allows plant-owners to avoid those limitations on 'netting,' *inter alia* by allowing the use of emissions reductions that are non-contemporaneous and non-enforceable, and allowing plant-owners to ignore other contemporaneous emissions increases within the facility.

Petitioners Environmental Defense Fund, Environmental Integrity Project, Natural Resources Defense Council, and Sierra Club are non-profit organizations whose missions each include the protection of human health and the environment from harmful air pollution. Their members work and live in communities across the country, including communities adjacent to, and affected by, air pollution from industrial sources governed by the Act's NSR regulations. The Project Accounting Rule will allow such sources to avoid NSR under circumstances when the program would previously have applied. It will thereby harm petitioners and their members by increasing the air pollution to which they are exposed, threatening their health, increasing their concerns about their health and that of their families, and diminishing their ability to enjoy daily life and recreational activities in their

communities. The Project Accounting Rule will also deprive petitioners and petitioners' members of information they otherwise would have received regarding the emissions and pollution-reduction plans of industrial sources of air pollution, and of opportunities to advocate for further pollution reductions.

EPA's decision to leave the Project Accounting Rule in place harms petitioners and their members by continuing to subject them to increased pollution and continuing to deprive them of information and procedures to which they are entitled. A decision holding it unlawful and vacating it would redress those harms by requiring EPA to answer petitioners' objections to the rule by amending or withdrawing the Project Accounting Rule.